WILLIAM BARNACOAT & others *vs.* SIX QUARTER CASKS OF GUNPOWDER : TASKER H. SWETT, Claimant.

Exceptions may be filed, it seems, by either party, on the trial of a libel sued as a process *in rem* for a forfeiture.

Exceptions must be confined strictly to matters of law. It cannot properly be stated, in a bill of exceptions, that certain facts were proved ; nor can the court consider the evidence stated in a bill, with a view to set aside a verdict ; nor can they found any decision on facts there stated, and not embraced in the issue, or otherwise appearing on the record.

Where issue was joined on the plea of not guilty to a libel for a forfeiture of gunpowder, under *St.* 1833, *c.* 151, and the jury found the respondent not guilty, but also found that the gunpowder was had, kept, and possessed contrary to law, &c. and the judge decreed the gunpowder forfeit, but refused to adjudge that the respondent should pay the costs of the prosecution ; and the libellants filed exceptions to such refusal, and set forth the evidence in the bill of exceptions ; the exceptions were overruled, and judgment affirmed.

THIS was a libel originally filed in the office of the clerk of the municipal court, by the engineers of the fire department of the city of Boston, under *Sts.* 1833, *c.* 151, and 1837, *c.* 99, " regulating the storage, keeping, and transportation of gunpowder," in said city. The libel set forth these statutes, and the regulations, made in pursuance of the first of them, by said board of engineers, and alleged that Tasker H. Swett was duly licensed, on the 1st of May, 1839, to keep and sell gunpowder, " by wholesale and retail," at his place of business in Custom House Street, and that on the 20th of said May, he " kept, had, and possessed," at his said place of business, six quarter casks of gunpowder, each containing twenty-five pounds weight, contrary to said statutes and regulations ; the same being more than he was authorized to keep, &c. whereby, &c. the said six quarter casks of gunpowder became and were liable to be seized and taken into custody by one or more of said engineers, and were, on the same day, seized, &c. The libel also prayed that said casks of gunpowder might be adjudged forfeit and sold, and the proceeds be paid and appropriated according to said statutes ; that said Swett be adjudged to pay the costs of the libel ; and that execution issue therefor.

The said Swett was served with a copy of the libel, and was

summoned to appear and show cause, &c. and, at the June term, 1839, of the municipal court, he appeared and put in his claim and answer, (under protest that he did not thereby waive any objection to the proceedings, on account of want of notice of the seizure to the owners of said gunpowder,) as follows : " And now the said Swett comes into court and says that he is not the owner of said six quarter casks of gunpowder, but that the same is owned by the Kings' Mills Powder Company, of the town of Exeter, in New Hampshire, and he claims the same for the said company, and as their duly authorized agent ; and for answer to said libel says that he is not guilty in manner and form as the said libellants have declared against him, and this the said Swett is ready to verify ; wherefore the said Swett claims the said six quarter casks of gunpowder as the property of the said Kings' Mills Powder Company, and prays that it may be restored to him as their duly authorized agent, and that the court will award him against said libellants his reasonable costs for the unjust seizure and libel."

The libellants objected to this plea, as offering no issue in relation to the said casks of gunpowder, and as putting said Swett on trial, when he was sued in the court of common pleas* for the penalty provided in the statutes ; that court being the tribunal for his trial, and the municipal court the tribunal for forfeiture of the gunpowder, and for awarding costs. They also insisted that the plea was no answer to the libel, that it was immaterial, and that no proper issue to the country could be taken thereon. The judge ruled that the plea was a denial of all the allegations set forth in the process, and that the merits of the case could properly be tried under it, and, therefore, that issue should be joined thereon.

The libellants then moved that proclamation be made, and said gunpowder be decreed forfeit. After the first proclamation was made, the said Swett, as agent of the Kings' Mills Powder Company, of the town of Exeter, interposed a written objection to any decree of forfeiture of the gunpowder, and claimed the same to be restored to said company, the owners

* See the next case, p. 232.

'hereof. The libellants then moved that the other proclamations be made and said gunpowder be decreed forfeit. But the judge ruled that the merits of the case should be tried on said Swett's aforesaid plea of not guilty, and refused to decree a forfeiture until after a trial of an issue on that plea.

To these several rulings of the judge, the libellants excepted, and the exceptions were allowed.

Under said order of the judge, the libellants joined issue on the plea of not guilty. It was set forth in the bill of exceptions, that on the trial of this issue, it was proved that the said Swett was licensed to sell gunpowder by wholesale and retail, in his warehouse in Custom House Street, and that said six quarter casks were seized in said warehouse, where they were lying open on the floor, in bags, and which he had sold but not delivered ; and which were put into his warehouse by his servants and agents for the purpose of being delivered to the purchaser, against the general orders of said Swett, in his absence, and without his knowledge. The testimony of a witness to this latter fact, was set forth at large in the bill of exceptions. It was also proved that said Swett, at the time of the said seizure, had four other quarter casks of gunpowder in his copper chest, in his said warehouse.

The judge instructed the jury that if they believed, from the evidence, that the gunpowder was had and kept, at the time, in a situation contrary to the law and to the regulations of the engineers, they might so find that fact ; and if they believed, from the evidence, that the gunpowder was carried to Swett's warehouse, without his knowledge or consent, and contrary to his general orders, they might find him not guilty ; or that they might find a general verdict of guilty or not guilty, according to the truth of the facts as they had been shown at the trial.

A verdict was returned in the following words : The jury find that said six quarter casks of gunpowder were had, kept, and possessed in the city of Boston, in a building, contrary to the statutes and the rules and regulations of the engineers ; and the jury further say that said Swett is not guilty in manner and form as set forth in said libel

The libellants thereupon filed a motion that the said gunpowder be decreed forfeit, and sold, &c. and that said Swett be ordered to pay the costs of said libel and of the trial, and that judgment be rendered against him and execution issued therefor, notwithstanding the verdict as to him ; the same being rendered on an immaterial issue, and being, as to him, contrary to law and evidence, inasmuch as said gunpowder, when it was seized, was in his possession, building, and custody, and no legal cause had been shown by him why judgment and execution for costs should not go against him. But the judge granted so much only of this motion as related to a decree of forfeiture, and refused to adjudge that the claimant pay costs.

The libellants excepted to the decision which exempted the claimant from payment of costs, and the exception was allowed.

By St. 1833, c. 151, § 3, the board of engineers of the city are authorized to establish rules and regulations, directing the manner in which gunpowder may be kept by licensed dealers and other persons, and to direct and require all such precautions as may appear to them to be needful and salutary to guard against danger, &c.

By § 5, all gunpowder which shall. be had, kept, and possessed, &c. contrary to the provisions of said statute, or the regulations of the board of engineers, may be seized by any one or more of the engineers of said city, and the same shall, within twenty days next after the seizure thereof, be libelled, by filing, in the office of the clerk of the municipal court, a libel, stating the time, place, and cause of such seizure ; and service is directed to be made on the person in whose custody or possession such gunpowder shall have been seized, that he may appear and show cause why it should not be adjudged forfeit. And if the same shall be adjudged forfeit, such person shall pay all costs of prosecution, and execution shall be issued therefor. Provided, (among other things,) that if the person, in whose custody or possession such gunpowder may be seized, shall be unknown to the engineer who seizes it, or if, at the time of seizure, it may not be in the custody or possession of any person, then the court may proceed to adjudication thereon.

By the tenth section of the rules and regulations of the board of engineers, any person or firm, who may be licensed to sell gunpowder " by wholesale or retail," shall be allowed to have on hand a quantity not exceeding, at any one time, three quarter casks, of twenty-five pounds each, which shall be deposited in a copper chest, &c. provided, however, that such person or firm may be allowed to keep on hand, in addition to the above, such quantity as is required for retailing, which shall not exceed, at any one time, twenty-five pounds.

The statute of 1837, *c.* 99, altered the amount of the penal ties, &c. imposed by *St.* 1833, *c.* 151, and also the disposition to be made of them when recovered.

*S. D. Parker*, for the libellants. The claimant is liable, in this case, though not intentionally guilty. He is liable for the acts of his servants. 4 Inst. 114. *Idle* v. *Vanbeck*, Bunb. 230. *Lane* v. *Cotton*, 12 Mod. 489. *Michael* v. *Alestree*, 2 Lev. 172. *Blewitt* v. *Hill*, 13 East, 13. *Rex* v. *Almon*, 5 Bur. 2686. *Attorney General* v. *Siddon*, 1 Crompt. & Jerv. 220. In revenue cases, it is not necessary, in order to charge a party, that he should be privy to the act which causes a forfeiture. *Mitchell* v. *Torup*, Parker, 227, 235. *Cross* v. *United States*, 1 Gallis. 28. *The Ann*, 1 Gallis. 62.

Not guilty was not the proper plea. It did not touch the article forfeited, nor the question of forfeiture. The owner must put the forfeiture in issue. 7 Dane Ab. 453. 7 Cranch, 571, per Jones, *arguendo*. Parker, *ubi sup*. The provision of Rev. Sts. *c.* 100, § 27, as to pleading the general issue, does not apply to libels *in rem*.

Costs, in all cases of this nature, follow the forfeiture

*Fletcher*, for the claimant. · As the libel alleged that the claimant had, kept, and possessed the gunpowder, contrary to the statutes, &c. and prayed a decree of forfeiture on that ground, no other plea but not guilty would have been proper. But if the plea was bad, the libellants should have demurred to it. Courts are not bound to quash bad pleadings on motion. In the case in Parker, 227, the libel was against the goods only.

The finding of the jury, except as to the claimant's being not

guilty, was nugatory ; because the forfeiture was claimed solely on the ground, that the gunpowder had been had, kept, and possessed by him contrary to law.   Parker, 236.   But the propriety of the decree of forfeiture is not open on this record, as the claimant took no exceptions thereto.

The Rev. Sts. *c.* 86, § 11, do not entitle the libellants to a bill of exceptions in this case.   This is a criminal proceeding, in which the respondent only can except to the directions, &c. of the court.   Rev. Sts. *c.* 138, §§ 11, 13.

SHAW, C. J.   A question was made, in the present case, whether the libellants could have a bill of exceptions.   Without examining the question critically, the court are of opinion, that a libel, sued as a process *in rem* for a forfeiture, is in the nature of a civil action, and that either party may file exceptions in matter of law.

But we think that there is much matter in this bill of exceptions, which is irrelevant, and cannot properly be introduced in a bill of exceptions.   It is stated that certain facts were proved, and in one instance the court was requested to state the evidence at large, with a view to sustain the motion on an alleged statement of facts.   Much of the argument has been founded upon facts so introduced.   We think that exceptions must be confined strictly to matters of law ; that it cannot be stated in a bill of exceptions that certain facts were proved.   It may properly be stated, that evidence was offered tending to prove certain facts ; but this is done only to show the relevancy, pertinency, and correctness of the opinions and directions of the court, in matter of law, upon such evidence.   Nor can a court consider the evidence in a bill of exceptions, with a view to set aside a verdict, nor found any decision or judgment on facts, stated in a bill of exceptions, but not embraced in the issue, or otherwise appearing on the record.

It was objected, that " not guilty " was not a good plea, and ought not to have been received.   Looking at this libel, it manifestly appears to embrace two subjects, and to have two objects in view ; the one, to show the gunpowder liable to forfeiture, and the other, to show the respondent, Swett, liable for the

costs ; both allegations being warranted by the statute ; and if the facts were proved, the powder would be liable to forfeiture, and Swett to the payment of the costs.  But one of these charges might be true, and not the other.  And this is contemplated by the statute, which provides for a forfeiture without costs, when the person having the custody and possession of the powder is not known, or cannot be found, or when, at the time of seizure, it is not in the custody or possession of any person The court are of opinion, that as to all those averments which went to cast an imputation of a violation of the law upon Mr. Swett, and charge him with the costs, not guilty was a good plea. Whether it was good to the forfeiture, we need give no opinion. If it was, still the jury negatived it, and then the judgment of forfeiture was right.  If it was not, then there was no plea, and the judgment was good upon *nil dicit.*  And to that judgment there is no exception.

In considering whether there was any error in ruling, that the respondent was not liable for costs, we are obliged, for reasons already given, to lay out of the case all the evidence detailed in the bill of exceptions, tending to show where the powder was found, and look only to the finding of the jury.  Looking at the ver lict only, it appears judicially, that this gunpowder, when seized, was not in the custody or possession of Mr. Swett, within the meaning of the statute of 1833, *c.* 151, § 5, on which this process is founded.  If the libellants were desirous of more specific directions in point of law, as to what constitutes custody and possession.; whether an individual under this statute is liable for the acts of his servants, clerks, attendants, and persons employed by him ; whether it extends to acts done on his premises, without his knowledge ; or whatever other acts or permissions constitute custody and possession, within the true intent and meaning of this statute ; a request for such instructions to the jury, for their guidance, should have been made.  If given, they would have had the benefit of them ; if refused, they would have been entitled to take exceptions, and if the exceptions were sustained, that is, if the instructions prayed for ought to have been

given, they would have had the benefit of them, on a new trial. The court are of opinion that the judgment was right, on both points ; and whether the true and proper reasons were assigned for it, or not, is immaterial.

*Exceptions overruled and judgment affirmed.*